UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TODD WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-03093 (UNA) |
| | ) |
| GARY THOMPSON *et al*., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on its review of Plaintiff's complaint, ex parte motions for emergency relief, and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the case.

On October 31, 2024, Plaintiff, a resident of Washington, D.C., initiated this lawsuit against the Chairman of the D.C. Board of Elections and D.C. Mayor Muriel Bowser, alleging that he "will be the victim of substantial harm as a U.S. citizen if my D.C. vote is nullified or replaced by a non-U.S. citizen, erroneously allowed by D.C. Law 24-242[,]" in violation 18 U.S.C. § 611. Compl., ECF No. 1 at 4. As relief, Plaintiff wants "all ballots received from non-citizen voters [ ] to be immediately set aside," not "opened or tallied until addressed by emergency order from court," and "all voter rolls . . . purged [of] non-citizens." *Id*.

Plaintiff cites as the basis of federal court jurisdiction 18 U.S.C. § 611, Compl. at 3, which is a criminal statute that makes it "unlawful for any alien to vote in any election held solely or in part for the purpose of electing a candidate for [federal] office" and penalizes violators with a fine or imprisonment of "not more than one year, or both." 18 U.S.C. § 611(a), (b). But "[t]he Supreme

Court has 'rarely implied a private right of action under a criminal statute,' " and the straightforward text of § 611 does not suggests that "Congress intended to create a concomitant civil remedy." *Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 77-78 (D.C. Cir. 2017) (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)).

Notwithstanding the pleading defect, the Supreme Court "has consistently held" that a plaintiff raising, as here, "only a generally available grievance about government," claiming no specific harm to himself, and "seeking relief that no more directly and tangibly benefits him than it does the public at large does not state an Article III case or controversy" or establish Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992). And the "core component of the requirement that a litigant have standing to invoke the authority of a federal court 'is an essential and unchanging part of the case-or-controversy requirement of Article III.'" *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (quoting *Lujan*, 504 U.S. at 560). Consequently, this case will be dismissed by separate order.

_____/s/_____  
ANA C. REYES  
United States District Judge

Date: November 5, 2024